DIMAS LÓPEZ-NAZARIO, Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 609.—Decided March 11, 1925.

1. RECORD OF TITLE—DOMINION TITLE PROCEEDING—POSSESSION—THIRD PERSON. A dominion title proceeding is not recordable when the possession of the property is recorded in the name of a third person, although he may have been summoned as former owner in the dominion title proceeding in which the record in favor of said third person was not made to appear.

Registry of Property of Ponce, Miguel Planellas, Registrar.  Decision refusing to record a dominion title judgment.  *Affirmed.*

*José Tous Soto* for the appellant. · The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

[1] The Registrar of Property of Ponce refused to record a dominion title to a lot and houses, because the possession of the lot was recorded in the name of another person.

The case of *Santiago* v. *Registrar,* 26 P.R.R. 125, cited by the respondent in support of his refusal, is applicable to this case, because in that case the registrar refused to record the ownership· of one of the three parcels which formed the property involved in the dominion title proceeding for the reason that its possession was recorded in the name of a different person, and this court upheld that decision on the authority of articles 20 and 82 of the Mortgage Law and various decisions of this court therein cited.

The appellant maintains, however, that in accordance

with the decisions in the cases of *Wiscovich* v. *Registrar of San Germán,* 30 P.R.R. 122, and *Porto Rican Leaf Tobacco Co.* v. *Registrar,* 17 P.R.R. 215, and the decision of the General Directorate of Registries of Spain of October 16, 1886, 3 *D. R.* 544, the record should be made as requested, because the person in whose name the possession is recorded, Matilde Figueroa, was summoned through her heirs as previous owner of the property in the dominion title proceeding.

In the *Wiscovich Case, supra,* the possessory title proceeding was instituted for the reason that the property was recorded in the name of another person and it was sought to establish the fact of possession and at the same time to follow the procedure established by article 393 of the Mortgage Law in case there is an entry contradictory to the record requested, that is, by summoning and hearing the person in whose name the property is recorded; and this court approved the action taken by Wiscovich, although it upheld the refusal to record on the ground that in order to record another possession notwithstanding the previous contradictory record it was necessary that the consent of the person in whose name the entry had been made should appear with absolute certainty or that such person was duly summoned, facts which were not shown in that case. The case to which we are referring is not applicable to this case, because here it was not made to appear in the proceeding, as in that case, that there was a contradictory record in the name of Matilde Figueroa so that her heirs might oppose the declaration of possession on that ground, nor was the cancellation of the contradictory entry ordered but merely an ordinary dominion title proceeding was brought wherein the persons were summoned only as previous owners, without following also the procedure prescribed by article 393 of the Mortgage Law.

Nor is the *Porto Rican Leaf Tobacco Co. Case, supra,*

applicable, because the 'fact that in a dominion title proceeding the persons from whom the petitioner had acquired the property were cited and notices were published to all others whom the record of ownership applied for might prejudice and no one appeared in opposition, is not a sufficient reason for depriving of his right a person who has the possession of the same property recorded in his name and who appears not to have been personally served with notice of the proceeding, unless he should have given his express consent thereto or been heard and defeated in court; therefore, in the present case it is not sufficient that the heirs of Matilde Figueroa may have been summoned as the successors in interest of the previous owner of the property. Moreover, not even the names of the heirs of Matilde Figueroa are given, for which reason it is impossible to know from the dominion title judgment who are the said heirs.

Nor is the Spanish decision cited applicable to the instant case, for it only holds that summons by publication is sufficient when the persons to be summoned are absent or unknown.

The decision appealed from must be affirmed.